State v. Pearson.

THE STATE (ISRAEL J. WOODWARD, PROSECUTOR,) v. THOMAS S. PEARSON, COLLECTOR OF HAMILTON.

A tax payer residing in any township in this state is entitled to have a debt secured by mortgage upon lands situate in another township deducted from his taxable property in the township where he resides.

On *certiorari* to commissioners of appeal of the township of Hamilton, Mercer county.

Argued before Justices POTTS and ELMER, by Mr. *Beasley*, for prosecutor.

POTTS, J. It appears that Israel J. Woodward, the prosecutor, is a resident of the township of Hamilton, in the county of Mercer, and is the owner of real and personal estate in said township, and is the owner, also, of a farm in the township of New Hanover, in the county of Burlington, &c., on which there is a mortgage of $12,000, to secure Woodward's bond to that amount. And the only question presented to the

State v. Pearson.

commissioners of appeal was, whether he was entitled to have this debt deducted from the amount of his taxable property in Hamilton, where he resides. The commissioners refused to make the deduction, and this *certiorari* is brought to review that decision.

The supplement to the act concerning taxes (*Pamph. L.* 1851, p. 271, § 6,) directs that "every person shall be assessed in the township or ward where he resides when the assessment is made, for all lands then owned by him within said township or ward;" and § 7 directs "that every person shall be assessed in the township or ward where he resides when the assessment is made for all personal estate owned by him." The 8th section, after directing the assessors to set down in their duplicates—1, the names of all the taxable inhabitants in the township or ward; 2, the quantity of land to be taxed to each person; 3, the full value of such land, &c.; 4, the value of all the taxable personal property owned by such person, goes on to say, "that from *such* valuation of real and personal estate (that is, the real and personal estate in the township or ward where the owner lives) there shall be deducted the *whole amount* of the debts due and owing by the owner thereof."

There can be no doubt about the meaning of this language. This $12,000 was a debt that Woodward owed, and he was entitled to have it deducted from the assessed value of his property in the township of Hamilton, where he resided. The decision of the commissioners of appeal was wrong.

Let the assessment be amended in that particular

ELMER, J., concurred.